Benjamin Rowley
vs. No. 88735.
Hannah Peele

June 22, 1933.

JOSLIN, J. Heard on motion for a new trial after a verdict by the jury for the plaintiff in the sum of $1,926.20.

The action was brought to recover the sum of $1,840 with interest, being the balance of $2,000 claimed by the

plaintiff to be due him from the defendant by virtue of two oral agreements. The declaration is in three counts. The first count alleges an agreement between the defendant and one Clara Holden, now deceased, for the benefit of the plaintiff. The second count alleges an agreement between the plaintiff and the defendant. The third count is the common counts.

For reasons fully stated in the record, the Court, on motion of the defendant, directed the jury to disregard the first count. The case was submitted to the jury on the second count only. This count alleges an oral agreement between the plaintiff and the defendant, by which the defendant promised to pay the plaintiff the sum of $2,000 if he would forbear to contest the will of Clara Holden, the late sister of said parties, and also forbear to take steps to vitiate a certain conveyance of real estate from said Clara Holden to herself and the defendant as joint tenants.

The plaintiff and defendant are brother and sister. Clara Holden was their sister. On October 14, 1930, she became seriously ill and the evidence warrants the finding that she knew it was to be her last illness. After several efforts she finally executed what proved to be her last will, by which (after certain minor bequests) she bequeathed to the plaintiff the sum of $2,000 and gave the residue to the defendant. At the same time she executed a deed conveying to herself and the defendant as joint tenants the title to the parcel of real estate which she then owned. Several months previously there had been withdrawn the sum of $1,000 from a bank account standing jointly in the names of the defendant and said Clara Holden. With said $1,000 certain shares of stock were purchased, title to which was taken in Mrs. Holden's name.

The joint account in the bank was opened back of 1928. Practically none of the money which went into this account was contributed by the defendant. Mrs. Holden died within three weeks of the date of her execution of said will and deed, leaving in her name a balance of $700 in said joint bank account. Shortly after her decease, the defendant caused the shares of stock to be transferred to her own name and she withdrew the $700 from the bank. The inventory filed in the Probate Court showed the estate to have assets of $500. By operation of law, the title to the real estate passed to the defendant.

After the funeral, the parties hereto met at the late home of Mrs. Holden. The undertaker read the will, in which it appeared that the plaintiff had been bequeathed $2,000. The plaintiff claims that the defendant then stated that the "will was not worth ten cents"; that he thereupon vigorously declared there was "something crooked" about the whole thing; that he would contest the will and attempt to set aside the joint tenancy in the real estate, and that he would see a lawyer about it. He further claims that the defendant told him not to see a lawyer and that if he "did not bother about it", she would pay him $2,000; that, relying on said promise, he did not see a lawyer and took no steps in respect to contesting the will or setting aside the joint tenancy in the real estate; that from time to time thereafter defendant paid him sums of money aggregating $160 on account of the promised $2,000, and that finally she repudiated the promise.

The defendant denies the agreement and explains the $160 payments by stating that these were loans.

The sole heirs-at-law of Mrs. Holden were her brother and sister, the parties to this action.

The circumstances under which the joint tenancy in the real estate was created and the will was executed are clearly sufficient to give the plaintiff honest ground for believing that his claim was just and that he could pre-

vail in his threatened litigation. This constitutes a sufficient consideration for the promise to forbear.

*Iorio* vs. *Brasio*, 21 R. I. 208.

The question as to whether or not the parties agreed—the plaintiff to forbear and the defendant to pay—was a question of fact for the jury.

The explanation of the reason for the defendant's payment of the sums of money aggregating $160, particularly in view of the character of the written receipts received therefor, is not convincing. The background of the parties, their situation at the time the agreement was made, and their friendly relations and attitude towards each other subsequent to the date of the alleged agreement, strongly bear out the plaintiff's story.

The verdict is just and the Court unhesitatingly approves it. Motion for new trial denied.

For plaintiff: Dominique S. Pavon, Albert N. McKendall.

For defendant: Harry A. Smith.